UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON HUMES,

          Plaintiff,

     v.

SCOTT JONES, Sheriff,

          Defendant.

No. 2:17-cv-2499 EFB P

ORDER

    Plaintiff is confined to the Sacramento County Main Jail and proceeds without counsel in an action brought under 42 U.S.C. § 1983. He has filed an application for leave to proceed in forma pauperis (ECF Nos. 4 & 5) and a request for "pro se money to facilitate discovery and other advances" (ECF No. 10).

Application to Proceed In Forma Pauperis

    Plaintiff's application (and separately filed account balance report at ECF No. 4) make the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2). There is however, no authority for disbursing "pro se money" as requested by plaintiff. Accordingly, that request is denied.

/////

1

Screening

I.  Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. Analysis

Plaintiff alleges that, on an unspecified date and while being held at the Sacramento County Jail, he was subjected to excessive force[1] by several sheriffs' deputies. ECF No. 1 at 3. Specifically, plaintiff claims that a deputy named Robinson attempted to "rip [plaintiff's] head off" despite the fact that he was not resisting. *Id.* Plaintiff alleges that the incident was instigated by his use of an unspecified "cuss word." *Id.* at 4. He claims that he suffers from brain damage and that he sometimes curses involuntarily. *Id.* After Robinson took plaintiff to the ground and placed him in a headlock, two other deputies – Algier and Kraatz – approached and "increase[d] the already excessive force." *Id.* As a result of this excessive force incident, plaintiff claims that he suffered a broken left arm, damage to the hearing in his left ear, and a spine injury that has left him incontinent. *Id.*

Plaintiff has only named one defendant – Sheriff Scott Jones – whom he alleges instituted an unspecified policy that "allows and even encourages excessive force by deputies." *Id.* at 3. A plaintiff "may hold a supervisory defendant liable based on an unconstitutional policy if he alleges facts indicating that the defendant implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Lee v. Alameida*, 2010 U.S. Dist. LEXIS 64601, 2010 WL 2629800, *2 (E.D. Cal. 2010) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). Here, plaintiff has failed to actually identify

---

[1] Plaintiff identifies this claim as a Fourteenth Amendment due process claim. ECF No. 1 at 3. The court interprets this as an excessive force claim by a pre-trial detainee, however, and thus finds that it more appropriately falls under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989).

3

the specifics of the policy that Sheriff Jones purportedly instituted. The allegation that the policy allowed or encouraged the use of excessive force sheds little light on its actual substance. If plaintiff wishes to proceed with his claim against Jones, he must identify the policy specifically and plead facts demonstrating that it was the cause of the claimed violation.[2] Alternatively, if plaintiff wishes to bring claims against the specific deputies for their alleged use of excessive force, he must explicitly name them as defendants and specify the conduct of each named deputy that gives rise to a cognizable claim for relief.

Accordingly, plaintiff's complaint will be dismissed with leave to amend.

## Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

---

[2] Near the end of his complaint, plaintiff alleges that the deputies used excessive force against him because they had not been trained to deal with brain damaged individuals. ECF No. 1 at 4. It is unclear if this purported failure to train is the "policy" he accuses Sheriff Jones' of implementing, or an entirely separate claim.

4

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

It is THEREFORE ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 5) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the agency having custody of plaintiff filed concurrently herewith;

3. Plaintiff's request for "pro se money" (ECF No. 10) is denied.

4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

5. Failure to comply with this order may result in dismissal of this action.

DATED: February 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE