UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON HUMES,

    Plaintiff,

v.

SCOTT JONES, Sheriff,

    Defendant.

No. 2:17-cv-2499-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel and *in forma pauperis* in an action brought under 42 U.S.C. § 1983. The court screened plaintiff's original complaint, deemed it deficient, and dismissed it with leave to amend. ECF No. 12. He has filed an amended complaint (ECF No. 14) which the court screens below.

<u>Screening</u>

I.     <u>Legal Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening obligation applies where a complaint is removed from state court. *See, e.g.*, *Morris v. Horel*, 2008 U.S. Dist. LEXIS 56938, 2008 WL 686874, *1 (N.D. Cal., March 12, 2008) (screening civil rights action removed from state court pursuant to Section 1915A). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II.     Analysis

Plaintiff's amended complaint raises two unrelated claims against two separate defendants. The court could dismiss the complaint on this basis alone. Nevertheless, the court has reviewed each claim and, for the reasons stated below, finds that neither should proceed past screening.

A.      Failure to Train

First, he broadly alleges that Sacramento County Sheriff Scott Jones has failed to train his deputies in how to deal with "brain damaged and/or severely disabled people." ECF No. 14 at 3. Plaintiff alleges that he is "100 [percent] disabled by severe brain damage and sometimes say[s] cuss words spontaneously." *Id.* He claims sheriff's deputies have "repeatedly beat [him]" on account of his inability to control his cursing.[1] *Id.* But in order to state a failure to train/supervise claim, a claimant must show that "in light of the duties assigned to specific officers or employees, the need for more or different training [or supervision] [was] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need." *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *see also Wardell v. Nollette*, No. C05—0741RSL, 2006 U.S. Dist. LEXIS 26818, at *10 (W.D. Wash. Apr. 20, 2006) ("The cases in which supervisors have been held liable under a failure to train/supervise theory involve conscious choices made with full knowledge that a problem existed.") (also collecting cases for the foregoing proposition).

Here, plaintiff fails to allege facts indicating that Sheriff Jones acted with deliberate indifference. The current articulation of his claim – that Jones failed to train his subordinates in how to deal with brain damaged or severely disabled individuals – is too broad to be credited.

---

[1] The court notes that there is some ambiguity in the complaint as to whether the deputies were striking plaintiff because they believed that such force was somehow necessary or if they were merely using his disability as a pretext to injure him. If it was the latter, then it is unclear how Jones' alleged failure to train his deputies in how to deal with the mentally ill could have prevented plaintiff's injuries.

Neither mental illness nor mental disability is a monolith and it would be impossible for a supervisor, no matter how motivated, to train his subordinates to effectively recognize and respond to all possible iterations. Failure to effect the impossible is not deliberate indifference. Nor can plaintiff's claim succeed if its current articulation is interpreted as mere shorthand for his own symptoms. Plaintiff has not alleged facts indicating that the need for training on how to deal with prisoners who curse uncontrollably was so obvious or prevalent that Jones was deliberately indifferent in failing to implement it.

B. <u>Excessive Force</u>

Next, plaintiff claims that defendant Scharosch, a sheriff's deputy, used excessive force against him during an unspecified court hearing on an unspecified date. ECF No. 14 at 4-5. This claim fails for two reasons.

First, it lacks factual context insofar as plaintiff has failed to identify when or where this event occurred. The court can glean that the event occurred at a court hearing only because plaintiff identifies "[his] lawyer, [the district attorney], [the] judge, and other bailiffs" as "great witnesses." *Id.* at 5. "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (a complaint must "possess enough heft" to show a plausible claim for relief).

Second, and more importantly, this claim is wholly distinct from the allegations in plaintiff's previous complaint. In the earlier complaint, plaintiff raised his claims regarding Sheriff Jones' failure to train and, in connection therewith, claims against three deputies – Algier, Kraatz, and Robinson - for excessive force. ECF No. 1 at 3-4. In dismissing that complaint, the court advised plaintiff that, if he elected to file an amended complaint, he could not "change the nature of this suit by alleging new, unrelated claims." ECF No. 12 at 4. These new excessive force allegations against Scharosch bear no apparent relation to plaintiff's previous claims and, thus, are not consistent with the court's previous order.

/////

/////

4

### Leave to Amend

The court has already afforded plaintiff one chance to file an amended complaint and, having done so, he is no closer to stating a cognizable claim. Consequently, it declines to offer him further opportunity to amend. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

### Conclusion

Accordingly, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's first amended complaint be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 8, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE